**H.J. JUSTIN & SONS, INC., dba Justin Boot Company, a Texas Corporation, Plaintiff-Appellant,**

v.

**George DEUKMEJIAN,* Governor of the State of California, et al., Defendants-Appellees.**

**No. 81–4492.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 11, 1982.

Decided March 11, 1983.

---

* Substitution of parties pursuant to Fed.R. App.P. 43(c).

Donald M. Pach, Sacramento, Cal., for plaintiff-appellant.

Joel S. Moskowitz, Deputy Atty. Gen., Sacramento, Cal., for defendants-appellees.

Before SCHROEDER, FLETCHER, and NORRIS, Circuit Judges.

PER CURIAM.

In this appeal appellant, a manufacturer of boots, asks us to reverse the district court's judgment that Cal.Penal Code § 653 o (West Supp.1981) is not preempted by current federal statutes or regulations. Appellant seeks this ruling on appeal because it wishes to engage in trade within the State of California in boots made from the hides of African elephants, Indonesian pythons, and the Wallaby kangaroo. Cal. Penal Code § 653o purports to prohibit such trade.[1] Holding that federal laws, with respect to trade in all three species at issue, did not preempt state law the district court ruled that section 653o could be applied to appellant. *See H.J. Justin & Sons v. Brown,* 519 F.Supp. 1383 (E.D.Cal.1981).

For the reasons set forth in *Man Hing Ivory & Imports, Inc. v. Deukmejian,* 702 F.2d 760 (9th Cir., 1983), we are compelled to reverse, in part, the district court's ruling in this case. The district court here ruled in part that section 653o would prohibit trade within California in elephant products even by a federal permittee. That part of the district court's decision cannot stand since we held in *Man Hing* that section 653o could not be applied to the holder of a federal permit for import and export trade in African elephant products. *See id.* at 762; 50 C.F.R. § 17.40(e) (1981).

We sustain the balance of the district court's holding that the section 653o prohibition on trade in pythons and kangaroos is not preempted by the terms of the Endangered Species Act or implementing regulations.[2] Since the Secretary has not listed either the Indonesian python or the Wallaby kangaroo as "endangered" or "threatened" species, section 6(f) of the Act has no application to state regulations restricting or prohibiting trade in those species. 16

---

1. Cal.Penal Code § 653o provides:

    (a) It is unlawful to import into this state for commercial purposes, to possess with intent to sell, or to sell within the state, the dead body, or any part or product thereof, of any alligator, crocodile, polar bear, leopard, ocelot, tiger, cheetah, jaguar, sable antelope, wolf (Canis lupus), zebra, whale, cobra, *python,* sea turtle, colobus monkey, *kangaroo,* vicuna, sea otter, free-roaming feral horse, dolphin or porpoise (Delphinidae), Spanish lynx, or *elephant.*
    Any person who violates any provision of this section is guilty of a misdemeanor and shall be subject to a fine of not less than one thousand dollars ($1,000) and not to exceed five thousand ($5,000) or imprisonment in the county jail for not to exceed six months, or both such fine and imprisonment, for each violation.
    (emphasis added).

2. Nor is section 653o as applied to Indonesian python and Wallaby kangaroo preempted by the Convention, for even if the Convention is self-executing, it creates no federal bar to section 653o. All pythons are listed in Appendix II, while the Wallaby kangaroo is not listed in any appendix to the Convention. Thus, Article XIV of the Convention specifically permits domestic measures, along the lines of Cal.Penal Code § 653o, restricting or prohibiting trade or transport of parts or derivatives of the Indonesian python or Wallaby kangaroo. *See Man Hing* at 762 n. 2, and accompanying test.

U.S.C. § 1535(f);[3] see *Man Hing,* at 763. This aspect of the district court's decision is consistent with principles of federal preemption, *see Pacific Legal Foundation v. State Energy Resources Conservation & Development Commission,* 659 F.2d 903, 919 (9th Cir.1981), *cert. denied,* 457 U.S. 1133, 102 S.Ct. 2959, 73 L.Ed.2d 1350 *cert. granted in companion case Pacific Gas and Electric Co. v. State Energy Resources Conservation & Development Commission,* 659 F.2d 903 (9th Cir.1981), *cert. granted,* 457 U.S. 1132, 102 S.Ct. 2956, 73 L.Ed.2d 1348 (1982), and our decision in *Man Hing,* at 765.

AFFIRMED in part, and REVERSED in part.

**3.** Section 6(f) provides in full text:

Any State law or regulation which applies with respect to the importation or exportation of, or interstate or foreign commerce in, *endangered species* or *threatened species* is void to the extent that it may effectively (1) permit what is prohibited by this chapter or by any regulation which implements this chapter, or (2) prohibit what is authorized pursuant to an exemption or permit provided for in this chapter or in any regulation which implements this chapter. This chapter shall not otherwise be construed to void any State law or regulation which is intended to conserve migratory, resident, or introduced fish or wildlife, or to permit or prohibit sale of such fish or wildlife. Any State law or regulation respecting the taking of an endangered species or threatened species may be more restrictive than the exemptions or permits provided for in this chapter or in any regulation which implements this chapter but not less restrictive than the prohibitions so defined.

16 U.S.C. § 1535(f) (1976) (emphasis added).

\* Substitution of parties pursuant to Fed.R. App.P. 43(c).