Dear Mr. Gale:
This addendum to the above-captioned opinion letter is in response to your question asking whether the provision of §252.240.2, RSMo Supp. 1984, providing for the commercial use of endangered plant species by regulation of the Missouri Conservation Commission of the State of Missouri, is void under 16 U.S.C. § 1535(f) and the Supremacy Clause of the United States Constitution.
Section 252.240.2, RSMo Supp. 1984, provides in part:
 2. The exportation, transportation, or sale of any endangered species of plant, or parts thereof, or the sale of or possession with intent to sell any product made in whole or part from any parts of endangered species of plants is prohibited, unless authorized by regulation. . . . .
(Emphasis added.) Presently, the Missouri Conservation Commission has not promulgated any regulations under this statutory provision.
16 U.S.C. § 1535(f) provides:
 Any State law or regulation which applies with respect to the importation or exportation of, or interstate or foreign commerce in, endangered species or threatened species is void to the extent that it may effectively (1) permit what is prohibited by this chapter or by any regulation which implements this chapter, or (2) prohibit what is authorized pursuant to an exemption or permit provided for in this chapter or in any regulation which implements this chapter. This chapter shall not otherwise be construed to void any State law or regulation which is intended to conserve migratory, resident, or introduced fish or wildlife or to permit or prohibit sale of such fish or wildlife. Any State law or regulation respecting the taking of an endangered species or threatened species may be more restrictive than the exemptions or permits provided for in this chapter or in any regulation which implements this chapter but not less than the prohibitions so defined.
(Emphasis added.)
The terms "endangered species" and "threatened species" that appear in the first sentence of 16 U.S.C. § 1535(f) are defined in 16 U.S.C. § 1532(6) and (20), respectively, as certain "species". The term "species" is defined in16 U.S.C. § 1532(16) to include "plants", as defined in16 U.S.C. § 1532(14). Thus, the first sentence of16 U.S.C. § 1535(f) has application to endangered or threatened plant species. The second sentence of 16 U.S.C. § 1535(f) exempting the sale of certain "fish or wildlife" from preemption does not have reference to plants. See 16 U.S.C. § 1532(8) (defining the term "fish or wildlife").
U.S. Const. art. VI, cl. 2, provides
 This constitution and the laws of the United States which shall be made in pursuance thereof, and all treaties made or which shall be made under the authority of the United States, shall be the supreme law of the land; . . . .
In H. J. Justin Sons, Inc. v. Brown,519 F. Supp. 1383, 1385 (E.D., Calif. 1981), affirmed in part and reversedin part on other grounds, 702 F.2d 758 (9th Cir. 1983),cert. denied, 464 U.S. 823 (1983), the court stated:
 The basic principles of the preemption doctrine are too well-settled to require citation: while the states are not prohibited from legislating and regulating in those areas where the states and Congress have concurrent jurisdiction, by virtue of the Supremacy Clause of the United States Constitution, Article VI, Clause 2, the authority of the states to legislate in an area of concurrent jurisdiction is always at the sufferance of Congress. In those areas where Congress has indeed exercised its jurisdiction, it may allow for the continued operation of state legislation and regulation, or may abrogate state law entirely. Therefore, whether a particular federal enactment preempts state is always purely a question of Congressional intent.
In this instance, Congress has explicitly expressed its intent with regard to preemption under the Endangered Species Act of 1973, as amended (hereinafter sometimes referred to as the "Act"). By its terms, 16 U.S.C. § 1535(f) preempts any state law or regulation with respect to the importation or exportation of or interstate or foreign commerce in endangered or threatened species which permit what the Act or regulations prohibit or which prohibit what the Act or regulations permit. Thus, the precise scope of the preemption may only be determined by reference to the Act and the regulations adopted to implement the Act. Man Hing Ivory and Imports, Inc. v.Deukmejian, 702 F.2d 760, 763 (9th Cir. 1983).
16 U.S.C. § 1538(2), inter alia, prohibits the importation, exportation, delivery, receiving, carrying, or transporting in interstate or foreign commerce, or the selling or offering to sell in interstate or foreign commerce any endangered or threatened plant species.
50 C.F.R. § 17.61 (1984), as amended by 50 F.R. 39687, 39690 (September 30, 1985), states, inter alia, that except as otherwise provided 50 C.F.R. §§ 17.62 or 17.63, it is unlawful to import or export, deliver, receive, carry, transport, or ship in interstate or foreign commerce, or to sell or to offer to sell in interstate commerce any endangered plant. 50 C.F.R. §§ 17.62 and 17.63 (1984), as amended by50 F.R. 39687, 39690 (September 30, 1985), provide for exemptions from the rule stated above upon application for permit for scientific purposes and to prevent undue economic hardship, respectively. 50 C.F.R. § 17.71 (1984), as amended by50 F.R. 39687, 39691 (September 30, 1985), states that except as otherwise provided, the provisions of 50 C.F.R. § 17.61 apply to threatened plants as well as endangered ones.50 C.F.R. § 17.72 (1984), as amended by 50 F.R. 39687, 39691 (September 30, 1985), allows the Director to issue permits to authorize otherwise prohibited activities with regard to threatened plants for scientific purposes, the enhancement of the propagation or survival of threatened species, economic hardship, botanical or horticultural exhibition, education purposes, or other activities consistent with the purposes and policies of the Act.
Thus, it can be seen that federal law generally prohibits the exportation or sale of "endangered species of plants", as defined in § 252.240.2, RSMo Supp. 1984, with certain exceptions. Section 252.240.2, RSMo Supp. 1984, also prohibits the exportation or sale of endangered species plants, unless authorized by regulation. As the Missouri Conservation Commission has not issued regulations authorizing the sale or export of endangered plants by federal permittees, Missouri law is presently more restrictive than the federal law. 16 U.S.C. § 1535(f) authorizes states to have regulations that are more restrictive than those in federal law regarding the "taking" of endangered or threatened plant species. The term "taking" is defined in 16 U.S.C. § 1532(19) as "to harass, harm, pursue, hunt, shoot, wound, kill, trap, capture, or collect, or to attempt to engage in any such conduct." Because the term "taking" does not include the exportation, importation, transportation, or selling of plants, Congress has not allowed the States to be more restrictive than federal law with regard to these latter matters, and Missouri cannot prohibit a federal permittee from exporting, transporting, or selling endangered plants. See Man Hing Ivory and Imports, Inc. v.Deukmejian, 702 F.2d 760, 764 (9th Cir. 1983) (California cannot prohibit federal permittees from permitted trade in elephant products in California).
On the other hand, the clear language of 16 U.S.C. § 1535(f) prohibits Missouri from permitting by regulation what is prohibited by the Act and its implementing regulations. Thus, any regulations promulgated under § 252.240.2, RSMo Supp. 1984, cannot be less restrictive than federal law in this regard.
Accordingly, we conclude that § 252.240.2, RSMo Supp. 1984, and any regulations promulgated thereunder are preempted by 16 U.S.C. § 1535(f) and U.S. Const. art. VI, cl. 2, to the extent these state laws permit what the Act and its regulations prohibit or prohibit what the Act and its regulations permit. The Missouri Conservation Commission may want to consider promulgating a short regulation under § 252.240.2, RSMo Supp. 1984, that is coextensive with or incorporates the relevant provisions of the Act and its regulations.
Very truly yours,
WILLIAM L. WEBSTER
Attorney General